1    (*Counsel of record on next page*)

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10

11   DEBRA WOLF, individually and on behalf          No. 3:17-cv-05345-VC
     of all other similarly situated individuals,
12                                                    ~~[PROPOSED]~~ **ORDER GRANTING FINAL**
     Plaintiffs,                                      **APPROVAL OF CLASS ACTION SETTLEMENT**
13                                                    **AND ENTERING FINAL JUDGMENT**
     v.
14                                                    Time:        10:00 a.m.
     THE PERMANENTE MEDICAL GROUP,                    Courtroom:   4, 17th Floor
15   INC., a California corporation,                  Judge:       Hon. Vince Chhabria
16              Defendant.                            Complaint filed:      September 14, 2016
                                                      Trial date: Not yet set
17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 95178921.1

1   JAHAN C. SAGAFI (Cal. State Bar No. 224887)
    OUTTEN & GOLDEN LLP
2   One Embarcadero Center, 38th Floor
    San Francisco, California 94111
3   Telephone: (415) 638-8800
    Facsimile: (415) 638-8810
4   jsagafi@outtengolden.com

5   KEVIN J. STOOPS (admitted *pro hac vice*)
    JASON J. THOMPSON (admitted *pro hac vice*)
6   CHARLES R. ASH, IV (admitted *pro hac vice*)
    SOMMERS SCHWARTZ, P.C.
7   One Towne Square, Suite 1700
    Southfield, Michigan 48076
8   Telephone: (248) 355-0300
    Facsimile: (248) 436-8453
9   kstoops@sommerspc.com
    jthompson@sommerspc.com
10  crash@sommerspc.com

11  Attorneys for Plaintiffs and Proposed Class and Collective Members

12  JEFFREY D. WOHL (Cal. State Bar No. 096838)
    CAITLIN M. WANG (Cal. State Bar No. 311901)
13  PAUL HASTINGS LLP
    101 California Street, 48th Floor
14  San Francisco, California 94111
    Telephone: (415) 856-7000
15  Facsimile: (415) 856-7100
    jeffwohl@paulhastings.com
16  caitlinmarianwang@paulhastings.com

17  Attorneys for Defendant
    The Permanente Medical Group, Inc.
18

19

20

21

22

23

24

25

26

27

28

1    On September 6, 2018, a hearing was held on the joint motion of plaintiff Debra Wolf and

2    defendant The Permanente Medical Group, Inc. ("TPMG"), for final approval of their class settlement

3    (the "Settlement") and payment to the Settlement Administrator.  Kevin J. Stoops and Jason L.

4    Thompson of Sommers Schwartz, P.C., and Jahan C. Sagafi of Outten & Golden LLP appeared for

5    plaintiffs; and Jeffrey D. Wohl and Caitlin M. Wang of Paul Hastings LLP appeared for TPMG.

6    The parties have submitted their Settlement, which this Court preliminarily approved by its order

7    entered on May 9, 2018.  In accordance with the Preliminary Approval Order, Class Members have been

8    given notice of the terms of the Settlement and the opportunity to object to it or to exclude themselves

9    from its provisions.

10    Having received and considered the Settlement, the supporting papers filed by the parties, and

11    the evidence and argument received by the Court at the hearing before it entered the Preliminary

12    Approval Order and at the final approval hearing on September 6, 2018, the Court grants final approval

13    of the Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

14    1.    Pursuant to the Preliminary Approval Order, a Notice of Proposed Settlement,

15    Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Hearing Date for

16    Final Court Approval; a Class Member Settlement Information Sheet; and an Election Not to Participate

17    in Settlement were sent to each Class Member by first-class mail.  These papers informed Class

18    Members of the terms of the Settlement, their right to receive a Settlement Share, their right to object to

19    the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their

20    right to appear in person or by counsel at the final approval hearing and be heard regarding approval of

21    the Settlement.  Adequate periods of time were provided by each of these procedures.  No Class

22    Members filed written objections to the proposed Settlement as part of this notice period or stated an

23    intention to appear at the final approval hearing.  The Court finds and determines that this notice

24    procedure afforded adequate protections to Class Members and provides the basis for the Court to make

25    an informed decision regarding approval of the Settlement based on the responses of Class Members.

26    The Court finds and determines that the notice provided in this case was the best notice practicable,

27    which satisfied the requirements of law and due process.

28    ///

2.      In addition to the notice to the Class, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Attorney General of the United States and the appropriate state official in each state in which a Class Member resides have been given notice of the Settlement.  Pursuant to CAFA, not later than 10 days after the motion seeking preliminary approval of the Settlement was filed with the Court, TPMG served upon the appropriate state official of each state in which a Class Member resides and the appropriate federal official a notice of the Settlement consisting of: copies of the complaint in this action; a notice of the scheduled judicial hearings in this class action; copies of the Settlement Agreement, proposed notices of class action settlement and Class Members' right to request exclusion from the class; and the names of Class Members who reside in each state and the estimated proportionate share of the claims of Class Members in each state to the entire Settlement.  The notice of Settlement also invited comment on the Settlement.  The Court finds and determines that TPMG's notice of the Settlement was timely, adequate, and compliant with the statutory requirements of CAFA. Accordingly, 28 U.S.C. section 1715(e) has no application to the Settlement.

3.      In addition to the notice to the Class and notice provided under CAFA, pursuant to the Labor Code Private Attorneys General Act ("PAGA"), Cal. Lab. Code §§ 2699(l)(2), (l)(4), the Labor Workforce and Development Agency ("LWDA") has been given notice of the Settlement.  Pursuant to PAGA, on the date the parties filed the motion seeking preliminary approval of the Settlement with the Court, TPMG submitted to the LWDA a notice of the Settlement enclosing a copy of the parties' Settlement Agreement.  The Court finds and determines that TPMG's notice of the Settlement complied with the statutory requirements of PAGA.

4.      For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the proposed Class, as defined in the definitions section of the Settlement and conditionally certified by the Preliminary Approval Order, meets all of the legal requirements for class certification, and it is hereby ordered that the Class is finally approved and certified as a class for purposes of the Settlement.

5.      The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member and that the Class Members who did not timely submit valid elections not to participate in the Settlement in accordance with the Settlement Agreement and the Preliminary Approval Order will be bound by the Settlement, that the Settlement is

1    ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are

2    ordered to be consummated.

3    6.    The Court finds and determines that the Settlement Shares to be paid to the Class

4    Members who did not timely submit valid elections not to participate, as provided for by the Settlement,

5    are fair and reasonable.  The Court hereby gives final approval to and orders the payment of those

6    amounts be made to the Class Members who did not timely submit valid elections not to participate out

7    of the Net Settlement Amount in accordance with the Settlement.

8    7.    The Court finds and determines that the payment to the California Labor and Workforce

9    Development Agency under the Settlement, in the amount of $37,500, is fair and reasonable.  The Court

10   hereby gives final approval to and orders that amount be paid out of the Total Settlement Amount in

11   accordance with the Settlement.

12   8.    The Court finds and determines that the fees and expenses in administrating the

13   Settlement, in the amount of $35,000 are fair and reasonable.  The Court hereby gives final approval to

14   and orders that amount be paid out of the Total Settlement Amount in accordance with the Settlement.

15   9.    The Court determines by separate order the request by plaintiffs and Class Counsel to the

16   Class Representative Payments and the Class Counsel Fees and Expenses Payment.

17   10.    Without affecting the finality of this order in any way, the Court retains jurisdiction of all

18   matters relating to the interpretation, administration, implementation, effectuation and enforcement of

19   this order and the Settlement.

20   11.    Nothing in this order will preclude any action to enforce the parties' obligations under the

21   Settlement or under this order, including the requirement that TPMG make payments to the Class

22   Members in accordance with the Settlement.

23   12.    Upon completion of administration of the Settlement, the Settlement Administrator will

24   provide written certification of such completion to the Court and counsel for the parties.

25   13.    Pursuant to the Settlement, plaintiffs and all Class Members who did not timely submit

26   valid elections not to participate are permanently barred from prosecuting against TPMG, and its

27   parents, predecessors, successors, subsidiaries, affiliates, joint ventures, and trusts, and all of its

28

-3-

employees, officers, agents, attorneys, stockholders, fiduciaries, other service providers, and related persons and entities, and assigns, any of the claims released by them under the Settlement.

14.     The parties are hereby ordered to comply with the terms of the Settlement.

15.     The Court hereby enters final judgment in accordance with the terms of the Settlement Agreement, the Order Granting Preliminary Approval of Class Action Settlement filed on May 9, 2018, and this order.

16.     This document will constitute a final judgment (and a separate document constituting the judgment) for purposes of Rule 58, Federal Rules of Civil Procedure.

The Parties will bear their own costs and attorneys' fees except as otherwise provided by the Court's order granting the Class Counsel Fees and Expenses Payment.

IT IS SO ORDERED.

Dated:  September 14, 2018.

_____
                        Hon. Vince Chhabria
                        United States District Judge

LEGAL_US_W # 95178921.1